**Brian Everett GUMPERT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–99–00160–CR.

Court of Appeals of Texas,
Texarkana.

Submitted March 13, 2001.

Decided June 1, 2001.

Randy Taylor, Dallas, for appellant.

Martin E. Braddy, Asst. Dist. Atty., Timothy S. Linden, Asst. Dist. Atty., Sulphur Springs, for state.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Brian Everett Gumpert was convicted by a jury for the felony offense of assault of a public servant and sentenced to fifty years' confinement.[1]

Gumpert appeals contending (1) that the trial court erred in failing to charge the jury on the lesser included offense of resisting arrest; (2) that the evidence was legally insufficient to support his conviction; (3) that the evidence was factually insufficient to support his conviction; (4) that he was denied effective assistance of counsel; (5) that the trial court abused its discretion by refusing to hold a hearing on his Motion for New Trial and allowing it to be overruled by operation of law where new evidence favorable to him had been discovered after trial.

The evidence shows that police responded to a domestic violence call made by

---

1. The enhancement paragraph of the indictment showed two prior felony convictions for unauthorized use of a motor vehicle and one for felony theft.

Sharon Christy alleging she had been assaulted by Gumpert, her ex-husband, who was living in the home Christy occupied with her two children. By the time officers arrived, Gumpert had fled on foot. At Christy's request, a tow truck was called to remove Gumpert's truck from her residence.

Before the officers completed their investigation, Gumpert ran out of the woods toward the residence. Despite being ordered to stop, Gumpert dodged two officers in the yard and headed to the doorway of the home. He was stopped by Officer Jace Anglin on the porch. Gumpert struggled with Anglin. Officers Jeff Reese and Todd Evans advanced to the porch, and a struggle ensued as the officers attempted to calm Gumpert and handcuff him. In the melee, Gumpert's flailing arms struck Reese's head, knocking off his glasses.

After Gumpert was handcuffed, he continued to struggle with Evans and Reese as they walked him to the patrol car. In his struggle, Gumpert caused all three of them to fall to the ground. Kicking at the officers while on the ground, Gumpert's foot struck Evans's back and Reese's head.

After placing Gumpert in the patrol car, Reese complained of dizziness and pain. He was transported to the emergency room. He missed several days of work due to symptoms that included headaches, dizziness, and nausea. He testified that he still experiences severe headaches, which he had not experienced before this incident.

Gumpert was convicted under Tex. Pen. Code Ann. § 22.01(a)(1), (b)(1) (Vernon Supp.2001). He contends on appeal the trial court erred in denying his request that the jury be charged on the lesser included offense of resisting arrest under Tex. Pen.Code Ann. § 38.03(a) (Vernon 1994).

■ A court must charge the jury on a lesser included offense if (1) the lesser included offense is included within the proof necessary to establish the offense charged, and (2) some evidence of record would permit a jury rationally to find the defendant guilty, if at all, of only the lesser included offense. *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex.Crim.App.1993).

■ Despite the State's assertion to the contrary, the State's burden under Section 38.03 to prove a person, by using force, prevented an officer from effecting an arrest can be satisfied by the same facts necessary under Section 22.01 to show that a person caused bodily injury to a peace officer acting in the lawful discharge of official duty. *Sutton v. State*, 548 S.W.2d 697, 699 (Tex.Crim.App.1977). The first condition is satisfied.

We must now determine whether the evidence adduced in this case would permit a jury rationally to find that if Gumpert is guilty, he is guilty of only the lesser offense of resisting arrest. A person commits an offense under Section 22.01 if he intentionally, knowingly, or recklessly causes bodily injury to a person the actor knows is a public servant lawfully discharging an official duty. Tex. Pen.Code Ann. § 22.01(a)(1), (b)(1).

A person commits an offense under Section 38.03 if, by using force, he intentionally prevents or obstructs a person he knows is a peace officer from effecting an arrest, search, or transportation. Tex. Pen.Code Ann. § 38.03(a).

In the recent case of *Lofton v. State*, the Texas Court of Criminal Appeals reversed the judgment of the lower court, which had ruled the jury could have found the force used by Lofton was a by-product of his effort to resist arrest, and thus the trial court erred in refusing to instruct the jury

on the lesser included offense of resisting arrest. *Lofton v. State,* 45 S.W.3d 649 (Tex.Crim.App. 2001). The Texas Court of Criminal Appeals found that even if Lofton had intended only to prevent his arrest, the force used by him, at the very least, recklessly caused the officer to suffer serious bodily injury.

■ This ruling is applicable to the facts of the present case. There is evidence that Gumpert's intent was to resist arrest, but other evidence showing that in the course of resisting arrest Gumpert kicked Reese. This evidence showed that Gumpert recklessly caused bodily injury in disregarding the substantial nonjustifiable risk that his struggling, flailing about, and kicking could result in bodily injury to Reese and that bodily injury in fact resulted. Following the guidelines of the Texas Court of Criminal Appeals, resisting arrest was not a rational alternative to assault on a public servant in the present case, and the trial court was correct to refuse the requested instruction for resisting arrest.[2] This point of error is overruled.

■ Gumpert next contends the evidence is legally insufficient to convict him of assault of a public servant. He correctly points out the indictment failed to allege the required mental state: that he knew Reese was a public servant when he assaulted him. *See* TEX. PEN.CODE ANN. § 22.01(a)(1), (b)(1). Although he admits the State proved the element of knowledge, Gumpert nonetheless contends the evidence is legally insufficient because the State failed to allege the knowledge element in the indictment. Gumpert attempts to transform an untimely objection to the substance of the indictment into a legal sufficiency contention. Gumpert waived any substantive defect in the indictment by failing to object before trial. TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (Vernon Supp.2001).

■ Gumpert correctly asserts the legal sufficiency of the evidence must be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. *Malik v. State,* 953 S.W.2d 234, 240 (Tex.Crim.App.1997). Adopting for a moment Gumpert's proposition that the hypothetically correct jury charge does not include the knowledge element, then the State by proving knowledge has proved more than the charge requires. This does not render the evidence legally insufficient. Gumpert's only issue with the legal sufficiency of the State's proof involved the knowledge element; his concession to this court that the State proved that element vitiates his legal sufficiency contention.

■ Gumpert next contends the evidence is factually insufficient to prove that he intentionally, knowingly, and recklessly caused bodily injury to Reese by hitting him with his fists and kicking him in the head. We test the factual sufficiency of the evidence by examining the entire record to determine whether the verdict is so contrary to the overwhelming weight of the evidence that it is clearly wrong and unjust. *See Maritime Overseas Corp. v. Ellis,* 971 S.W.2d 402, 407 (Tex.1998). The jury is the sole judge of the credibility of witnesses and the weight to be given their testimony. *Benoit v. Wilson,* 150 Tex. 273, 239 S.W.2d 792, 796–97 (1951).

---

**2.** Justice Meyers dissented in the *Lofton* case, stating that a jury could have disbelieved the testimony that Lofton struck Munoz, but believed the testimony regarding the other force Lofton used in resisting the arrest. The dissent finds that this would be some evidence that if Lofton was guilty, he was guilty only of resisting arrest, and thus Lofton would be entitled to an instruction on the lesser included offense. *Lofton v. State,* 45 S.W.3d 649 (Tex.Crim.App. 2001) (Meyers, J., dissenting).

The evidence shows that Gumpert was flailing his arms about and struggling on the porch when the officers were trying to subdue him. The evidence shows Reese was hit in the head and his glasses were knocked off during that episode. Reese testified that Gumpert struck him in the head. In the fray, no one else saw the actual blow. Evans did testify, however, that he saw Reese's glasses fly off his head during the struggle with Gumpert.

Evans also testified that after being handcuffed, Gumpert scissor-locked Reese with his legs, thereby causing Reese, Evans, and Gumpert to fall. Although Reese did not testify that a scissor-lock caused him to fall, he testified Gumpert held him in a scissor-lock after they fell. Reese testified the fall was caused by Gumpert's deliberate struggling and thrashing about. Reese and Evans both testified that Gumpert kicked Reese in the head during the scuffle on the ground. Christy testified she saw Gumpert kick Reese in the head. Anglin testified that he did not witness the kick to the head because he had turned away to open the door of the police car. There is no other evidence in the record. This evidence is factually sufficient to support the jury's finding of assault. Gumpert's factual sufficiency point is overruled.

Gumpert next contends he was denied effective assistance of counsel. To prevail, Gumpert must prove by a preponderance of the evidence that, judged by the totality of the representation, (1) his counsel's representation fell below the standard of prevailing professional norms, and (2) there is a reasonable probability that but for the deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Tong v. State*, 25 S.W.3d 707, 712 (Tex.Crim.App.2000).

Our review of counsel's representation is highly deferential, and we in-

dulge a strong presumption that counsel's conduct falls within a wide range of reasonable representation. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052; *Tong*, 25 S.W.3d at 712. In evaluating the first prong of the *Strickland* inquiry, we will not second-guess the strategy of counsel at trial, nor will we find ineffectiveness merely because another attorney might have pursued a different course. *Blott v. State*, 588 S.W.2d 588, 592 (Tex.Crim.App.1979). In evaluating the second prong, we examine counsel's errors not as isolated incidents, but in the context of the overall record. *Ex parte Menchaca*, 854 S.W.2d 128, 132 (Tex.Crim.App.1993). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Strickland*, 466 U.S. at 700, 104 S.Ct. 2052; *McFarland v. State*, 928 S.W.2d 482, 500 (Tex.Crim.App.1996).

Gumpert contends that because the indictment did not allege the knowledge element, he was only indicted for simple assault. He contends that counsel should have therefore moved to quash the indictment or for a directed verdict, or proposed a simple assault charge. The indictment was entitled "Assault of a Public Servant." It tracked the elements of assault of a public servant, alleging that Gumpert caused bodily injury to Reese by hitting and kicking him in the head and that Reese was then and there a public servant acting under color of his employment as a deputy with the Hopkins County Sheriff's Department. *See* TEX. PEN.CODE ANN. § 22.01(a)(1), (b)(1). The indictment failed to allege one element of the offense, that Gumpert knew Reese was a public servant when the assault occurred. *See id.*

A fractured Texas Court of Criminal Appeals eliminated the requirement that an indictment charge every element of an

offense, with the proviso that an indictment serve its jurisdictional function and provide sufficient notice to allow a defendant to prepare a defense. *Cook v. State,* 902 S.W.2d 471, 477–78 (Tex.Crim.App. 1995) (interpreting TEX. CONST. art. V, § 12(b)). The indictment here provided adequate notice to Gumpert that the State would prove he assaulted a public servant. And the court had jurisdiction because an indictment that fails to allege an element of an offense is sufficient to vest a trial court with jurisdiction. *See, e.g., Rodriguez v. State,* 799 S.W.2d 301, 303 (Tex. Crim.App.1990). We conclude Gumpert was tried on a defective indictment charging assault of a public servant.

Gumpert concedes, and trial counsel undoubtedly recognized, the element of knowledge was readily provable, and indeed was proved. An actor is presumed to have known the person assaulted was a public servant if the person was wearing a distinctive uniform or badge indicating the person's employment as a public servant. TEX. PEN.CODE ANN. § 22.01(d) (Vernon Supp.2001). The evidence showed that Reese wore a distinctive uniform or badge indicating he was a public servant when Gumpert assaulted him.

A successful motion to quash the indictment would only have left the State free to amend or seek another indictment. Indeed, knowing this, counsel may well have chosen not to except to the indictment in hopes the State would not present evidence on the omitted element, thereby defeating its own case. A directed verdict on the ground the indictment was defective would have been improper because the indictment adequately served its jurisdictional and notice functions. *Cook,* 902 S.W.2d at 478. Nor would a simple assault charge have been proper given our conclusion the indictment charged assault of a public servant. Gumpert cannot show in-

effective assistance of counsel with respect to matters concerning the indictment.

 Gumpert also contends counsel's performance was deficient for failing to move to strike venire person Snow or ask her whether she could be impartial. Snow stated during voir dire she had previously worked for the district attorney. She was not questioned further on that matter and subsequently served on the jury in this case. Assuming that counsel was deficient for failure to voir dire Snow on her ability to be impartial, Gumpert is required to demonstrate from the record how such deficiency may have contributed to a different result in his trial. *McFarland,* 928 S.W.2d at 500. Mere speculation that Snow may have been biased because she once worked for the district attorney cannot satisfy Gumpert's burden.

 Gumpert contends counsel was deficient for failure to investigate the facts, research the law, move for a continuance on the ground he was unprepared, develop a defensive theory, argue cogently, and urge a minimum sentence. Gumpert's Motion for New Trial was accompanied by the affidavit of Gumpert's neighbor, Robert Wolf, who avers he witnessed part of the events. We cannot agree with Gumpert that counsel's failure to discover this potential witness indicates a wholesale failure on the part of counsel to investigate the case. Gumpert does not demonstrate from the record that counsel failed to investigate the facts of the case.

Even were we to find counsel fell below the standard of professional norms in failing to identify Wolf as a potential witness, we cannot conclude there is a reasonable probability such failure affected the outcome of the trial. Wolf's affidavit is in the record as an appendix to Gumpert's Motion for New Trial. In it he states Gumpert was face down on the ground with his hands handcuffed behind his back when

one of the officers yelled out, "help, help, he has got me." Wolf's affidavit indicates his attention was focused on Anglin as he walked to the car rather than on Gumpert when the kick allegedly occurred. The affidavit does not relate the events that took place on the front porch, where Gumpert is also alleged to have assaulted Reese. Gumpert advances the argument that because it was impossible for him to kick from a face-down position, Wolf's testimony would prove no assault occurred. Viewing this evidence in the context of the entire record, we do not find a reasonable probability its admission would have contributed to a different outcome.

Nor has Gumpert shown from the record that counsel failed to familiarize himself with the applicable law. To the contrary, counsel's submission of a lesser included offense charge demonstrates his familiarity with the law of assault. It is possible that, as Gumpert suggests, counsel's concentration in summation on the State's failure to produce medical records demonstrates his lack of knowledge regarding the legal definition of "bodily injury." Medical records are not necessary to prove bodily injury; proof of physical pain will suffice. Tex. Pen.Code Ann. § 1.07(a)(8) (Vernon Supp.2001). It is also equally possible, albeit unscrupulous, that counsel purposely constructed his summation to confuse the jury and suggest to them that the State had a higher burden on this point. In view of the ample evidence of bodily injury, though, this is hardly an error that could have affected the outcome of the trial.

The record shows counsel's strategy hinged primarily on minimizing punishment by emphasizing to the jury that Gumpert's actions were the result of stupidity caused by intoxication, rather than any conscious decision or desire to harm a public servant. Counsel asked for a "fair punishment" at the punishment phase and argued to the jury that Gumpert had long since paid his debt to society for the crimes alleged in the enhancement paragraphs of the indictment. We are not to second-guess through hindsight counsel's trial strategy. *Blott*, 588 S.W.2d at 592. Given the strength of the State's case against Gumpert, we cannot say counsel's strategy was deficient. Gumpert has not shown counsel was so unprepared that he should have moved for a continuance.

Gumpert also contends counsel should have objected when the State alluded to Gumpert's failure to testify in his own defense. The State stated in its summation that it had proved the assault through "uncontroverted evidence" from four witnesses. To violate an appellant's constitutional and statutory rights, the prosecutor's language, viewed from the jury's perspective, "must be manifestly intended or of such a character that the jury would necessarily and naturally take it as a comment on the accused's failure to testify." *Banks v. State*, 643 S.W.2d 129, 134–35 (Tex.Crim.App.1982). A mere indirect or implied allusion to the accused's failure to testify does not violate his rights. *Patrick v. State*, 906 S.W.2d 481, 490–91 (Tex.Crim.App.1995). If the language can reasonably be construed to refer to Gumpert's failure to produce evidence other than his own testimony, the comment is not improper. *Id.* Christy testified her daughter was present during the altercation. The jury was thus apprised of the existence of at least one other witness besides Gumpert who did not testify. We find the prosecutor's comment did not necessarily have to be construed as a comment on Gumpert's failure to testify in his own defense. Counsel's lack of objection was not improper.

Gumpert points also to counsel's failure to preserve error at trial with re-

spect to certain objections made during testimony of the State's witnesses. The proper method of pursuing an objection until an adverse ruling is (1) to object, (2) to request an instruction to disregard, and (3) to move for a mistrial. *Brooks v. State,* 642 S.W.2d 791, 798 (Tex.Crim.App. [Panel Op.] 1982). Gumpert correctly points out that counsel failed to preserve for our review three of his trial objections.

The first instance complained of involved Reese's testimony that the hospital told him he had post-concussion syndrome. Counsel objected to the hearsay and obtained a ruling, but did not request an instruction to disregard the statement. This evidence would tend to prove Reese suffered bodily injury, one of the elements of the offense charged. When erroneously admitted evidence is merely cumulative, any error in its admission is harmless. *Mega Child Care, Inc. v. Texas Dep't of Protective and Regulatory Servs.,* 29 S.W.3d 303, 315 n. 6 (Tex.App.—Houston [14th Dist.] 2000, no pet. h.). The record contains ample evidence that Reese suffered bodily injury, including Reese's own testimony and that of two other police officers. We find counsel's error could not have affected the outcome of the trial.

The second instance of which Gumpert complains involves another nonresponsive answer by Christy. Christy testified that Gumpert assaulted her on the night in question, causing her to call 9–1–1. The State asked her how she would characterize her feelings with respect to Gumpert's assault on her. She answered, "I was scared to death. It happened before." Defense counsel objected. The court instructed the jury to disregard the second part of her statement. Relying on an appellate presumption that an instruction to disregard will be obeyed by the jury, except in very extreme cases, we hold this error was cured by the instruction to

disregard. *Gardner v. State,* 730 S.W.2d 675, 696 (Tex.Crim.App.1987).

The third unpreserved error relates to another nonresponsive answer by Christy. When asked whether she saw Gumpert strike Reese on the porch she answered, "Not on the porch. When they was coming across the yard." Defense counsel immediately objected. It is impossible to tell from the cold record whether she was interrupted in mid-sentence. After the court sustained defense counsel's objection on the ground of nonresponsiveness, the State asked Christy whether she saw the skirmish in the yard. She answered that she had not. Christy's response, "[w]hen they was coming across the yard," might have been interpreted to mean she saw Gumpert strike Reese in the yard, had she not expressly testified to the contrary immediately after she made the statement. We fail to see how preservation of error regarding this statement could have any conceivable effect on the outcome of this case. In the context of the entire record, we conclude there is no reasonable probability that but for these errors, the result of the trial would have been different.

Gumpert finally contends the trial court abused its discretion in refusing to hold a hearing on his Motion for New Trial. A defendant is required to present his motion for new trial to the trial court. Tex.R.App. P. 21.6. The filing of a motion for new trial alone is not sufficient to show "presentment." *Reyes v. State,* 849 S.W.2d 812, 815 (Tex.Crim.App.1993). Indeed, the record must show the movant actually delivered the motion to the trial court or otherwise brought it to the attention or actual notice of the trial court. *Carranza v. State,* 960 S.W.2d 76, 80 (Tex. Crim.App.1998).

The record in this case does not show the motion was brought to the attention of the trial court. Absent a showing of actual notice by Gumpert, the trial court could not have abused its discretion in this instance. We therefore overrule the present contention, as well as Gumpert's final contention that the trial court abused its discretion by allowing his Motion for New Trial to be overruled by operation of law.

The judgment of the trial court is affirmed.