COURT OF APPEALS












COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL PASO, TEXAS

 

JORGE FLORES,                                                 )

                                                                              )              
No.  08-04-00320-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
243rd District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )               
(TC# 20030D02094)

                                                                              )

 

 

O
P I N I O N

 

Jorge Flores
appeals from his conviction for the offense of assault on a public
servant.  In one issue, Appellant
contends the trial court erred by refusing to submit a jury instruction on the
lesser-included offense of resisting arrest. 
We affirm.

On the night of
April 21, 2003, Mr. Vicente Duran, a security guard at the Rodeo Nightclub,
received complaints that Appellant was rowdy and pushing other customers
around.  Mr. Duran asked Appellant to
calm down and warned him that if he did not do so, he would be asked to
leave.  After further warnings, Appellant
was asked to leave.  Appellant refused to
leave and was Aforcefully@ escorted from the nightclub.  Once outside, Mr. Duran witnessed Appellant
punch his wife in the face.  As Mr. Duran
approached, Appellant left in his truck.








Moments after
Appellant drove off, Mr. Duran flagged down 
police officer Alejandro Anaya and gave him a description of Appellant=s truck.  Officer Anaya located Appellant=s truck at a convenience store across
the street from the nightclub.  After finding
Appellant, Officer Anaya detained him in order to ask him questions about the
earlier incident.  Appellant was
uncooperative and became Acombative.@ 
After a struggle, Officer Anaya was ultimately able to handcuff
him.  Appellant was then taken to the
scene of the alleged assault for a positive identification.

As a result of his
encounter with Officer Anaya, Appellant was indicted for the offense of assault
on a public servant.  Appellant pled not
guilty to the charge and a trial was had on the merits.  At the charge conference, Appellant requested
a jury instruction on resisting arrest, but the trial court denied his
request.  The jury found Appellant guilty
and sentenced him to four years imprisonment.

In his sole issue,
Appellant contends the trial court erred by refusing to submit an instruction
regarding the lesser-included offense of resisting arrest.  Specifically, he asserts that: (1) resisting
arrest is a lesser-included offense of assault on a public servant; and (2)
evidence exists which establishes that if he was guilty, he was guilty only of
the offense of resisting arrest.  The
State responds that resisting arrest is not a lesser-included offense of
assault on a public servant.  Further,
the State contends that even if resisting arrest were a lesser-included offense
of assault on a public servant, Appellant was not entitled to a jury
instruction in this case.








In order to
determine if the trial court erred in refusing Appellant=s
requested instruction on resisting arrest, we apply a two‑prong
test.  Guzman v. State, 188 S.W.3d
185, 188 (Tex.Crim.App. 2006); Heiringhoff v. State, 130 S.W.3d 117, 125
(Tex.App.--El Paso 2003, pet. ref=d).  The first prong requires us to determine
whether the offense in question is a lesser-included offense of the charged
offense.  Guzman, 188 S.W.3d at
188; Heiringhoff, 130 S.W.3d at 125-26. 
The second prong requires us to determine if there was some evidence
presented that would permit a rational jury to find that the defendant is not
guilty of the greater offense but is guilty only of the lesser included
offense.  Guzman, 188 S.W.3d at
188; Heiringhoff, 130 S.W.3d at 126.

A person commits
the offense of assault on a public servant if he intentionally, knowingly, or
recklessly causes bodily injury to a person the actor knows is a public servant
while the public servant is lawfully discharging an official duty.  Tex.Pen.Code
Ann. ' 22.01(a)(1),
(b)(1)(Vernon
Supp. 2006).  On the other hand, a person
commits the offense of resisting arrest if he intentionally prevents or
obstructs a person he knows is a peace officer or a person acting in a peace
officer=s
presence and at his direction from effecting an arrest, search, or
transportation of the actor or another by using force against the peace officer
or another.  Tex.Pen.Code Ann. ' 38.03(a)(Vernon
2003).

Assuming, arguendo,
that resisting arrest is a lesser-included offense of assault on a public
servant as charged in Appellant=s
case, we turn to the second prong of our analysis to determine if there is any
evidence which would permit a rational jury to find Appellant guilty of only
the lesser offense.  Hall v. State,
158 S.W.3d 470, 473 (Tex.Crim.App. 2005). 
This requires there to be some evidence from which a rational jury could
acquit Appellant of the greater offense while convicting him of the lesser
offense.  Salinas v. State, 163
S.W.3d 734, 741 (Tex.Crim.App. 2005), citing Feldman v. State, 71 S.W.3d
738, 750 (Tex.Crim.App. 2002).








In determining
whether any evidence exists in the record which would permit a rational jury to
find the defendant guilty of only the lesser included offense, anything more
than a scintilla of evidence is sufficient to entitle a defendant to a
lesser-included offense charge.  Forest
v. State, 989 S.W.2d 365, 367 (Tex.Crim.App. 1999); Licon v. State,
99 S.W.3d 918, 927 (Tex.App.-‑El Paso 2003, no pet.).  We review all evidence introduced at trial in
order to determine whether the trial court erred in failing to instruct the
jury on a lesser included offense.  Enriquez
v. State, 21 S.W.3d 277, 278 (Tex.Crim.App. 2000).  Because the question is one of whether the
evidence merely raises the issue, we do not consider credibility determinations
or conflicts in the evidence as factors in our determination.  Hall, 158 S.W.3d at 473; Licon,
99 S.W.3d at 927.

Appellant does not
dispute that he struck Officer Anaya. 
However, he argues that Officer Anaya received only a Avery minor injury@ that Aseemed
to have been accidental rather than intentional.@  Further, the fact that he struck Officer Anaya
with the back of his hand rather than a closed fist Alend[s]
support to the striking being accidental.@  While not entirely clear, Appellant seems to
argue that because the blow to Officer Anaya=s
face was Aaccidental@ and Officer Anaya received only minor
injuries, there was some evidence that Appellant was guilty only of resisting
arrest and the trial court should have instructed the jury on the
lesser-included offense.  We disagree.








As it relates to
Appellant=s
contention that Officer Anaya only received minor injuries as a result of the
altercation, we note that Abodily
injury@ is
defined as physical pain, illness, or any impairment of physical
condition.  Tex.Pen.Code Ann. '
1.07(a)(8)(Vernon
Supp. 2006).  Also, bodily injury may be
proven by the victim=s
testimony that he suffered physical pain. 
Lane v. State, 763 S.W.2d 785, 786‑87 (Tex.Crim.App.
1989).  While Officer Anaya may not have
gone to a hospital or been examined by a doctor; he was examined by an EMS technician at the scene.   Moreover, bodily injury may encompass even
relatively minor physical contact although something more than mere offensive
touching is required.  Lane, 763
S.W.2d at 786-87.  In this case, Officer
Anaya stated that the force of the blow caused Apain
to [his] face@ and he
testified that the blow made his Ateeth
rattle.@

Officer Anaya
testified that on the night of the incident, he was traveling in a marked
police vehicle and wearing a police uniform. 
He stated that he attempted to question Appellant in reference to a
family violence investigation.  He
testified that Appellant was uncooperative and had to be physically placed
against the police car to be searched for weapons.

Appellant refused
to let Officer Anaya pat him down for weapons and repeatedly pushed his body
off of the police car at one point striking Officer Anaya in the chest with his
elbow.[1]  Officer Anaya then wrestled Appellant to the
ground.  While face-down on the ground,
Appellant continued to be uncooperative by trying to push himself up.  At some point, Appellant managed to turn
himself over and push Officer Anaya off. 
Appellant then began swinging his arms at Officer Anaya.  Officer Anaya testified that Appellant swung
at him but he was able to dodge the direct blow.  However, he stated that he was struck on the
chin by the back of Appellant=s
hand Aon the
way back, on the recoil.@  For clarification, the State asked Officer
Anaya A[j]ust so
I have it clear, is it your testimony that [Appellant] was striking at you, and
it was on his way back from that strike at you that his hand hit your chin?@ 
Officer Anaya responded A[r]ight.  I felt the threat was towards me, and he was
swinging at me.@  After being struck by Appellant, Officer
Anaya first gave him a warning and then sprayed him with Oleoresin
Capsicum.  Thereafter, Officer Anaya was
able to handcuff Appellant.








Even if Appellant
did not intend to assault Officer Anaya, as he argues in his brief, the State
could have established the indicted charge by proving that he acted either
knowingly or recklessly.  See Tex.Pen.Code Ann. ' 22.01(a)(1)(Vernon 2003).  Here, Appellant struggled with Officer Anaya
when Officer Anaya attempted to detain him. 
As a result of that struggle, Officer Anaya was struck in the face.  Whether Appellant only intended to resist his
arrest or not, the evidence shows that at some point during the struggle he
struck Officer Anaya with the back of his hand and Officer Anaya suffered some
degree of bodily injury as a result. 
Thus, the force Appellant used against Officer Anaya, at the very least,
recklessly caused Officer Anaya to suffer bodily injury.  See Lofton v. State, 45 S.W.3d 649,
652 (Tex.Crim.App. 2001); Gumpert v. State, 48 S.W.3d 450, 454 (Tex.App.‑-Texarkana
2001, pet. ref=d)(struggling,
flailing about and kicking during arrest was reckless and constituted assault
on a public servant because it resulted in bodily injury).

Because the force
used by Appellant included striking Officer Anaya and Officer Anaya suffered
bodily injury as a result, there is no evidence which would permit a rational
jury to find that if Appellant were guilty of an offense, he was guilty only of
the lesser-included offense of resisting arrest.  See Lofton, 45 S.W.3d at 652; Gumpert,
48 S.W.3d at 454.  Accordingly, the trial
court did not err in refusing Appellant=s
request for a jury instruction on the lesser-included offense of resisting
arrest.  Appellant=s
sole issue is overruled. 

We affirm the
trial court=s
judgment.

 

September
21, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

Barajas, C.J., Not Participating

 

(Do Not Publish)











[1]
Officer Anaya stated that he was wearing a bullet-proof vest.