Affirmed and Memorandum Opinion filed October 21, 2008








Affirmed and Memorandum Opinion filed October 21, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00824-CR

____________

 

TOMMY EUGENE BYARS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 412th
District Court

Brazoria County, Texas

Trial Court Cause No. 53,651

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant Tommy Eugene Byars of assault of
a public servant and assessed punishment at eight years in prison and a fine of
$10,000.  In two issues, he challenges the legal sufficiency of the evidence to
support his conviction and complains of jury charge error.  We affirm.








I.  Background

On January 30, 2007, Kohl=s Department Store
personnel saw appellant take a pair of shoes and tuck them inside his coat. 
When appellant tried to leave the store without paying for the shoes, a loss
prevention officer asked him to return to the store.  Although appellant
initially complied, he then turned and ran toward one of the store exits,
pushing another loss prevention officer out of his way.  The two loss
prevention officers chased appellant out of the store and into the parking lot,
but appellant managed to evade them after a scuffle outside the store.  The
officers saw appellant running across a highway towards a parking lot across
the street.

A Lake Jackson police officer, Patrick Solis, responded to
a call to the Kohl=s store and spoke with one of the
employees.  After receiving a description of appellant, Officer Solis, in
uniform and a marked patrol vehicle, drove across the highway and encountered
appellant in the parking lot outside a Target store.  Officer Solis asked
appellant to stop, but appellant responded with a curse word and began to run
away.  Officer Solis got out of his patrol unit and gave chase, catching up
with appellant after about fifty yards.  Officer Solis grabbed appellant=s jacket. 
Appellant attempted to shrug out of the jacket, but got both himself and the
officer entangled in it.  The two fell to the ground, where appellant continued
to resist Officer Solis=s efforts to place him in handcuffs by
pulling his hand away from Officer Solis.  The officer, unable to handcuff
appellant and concerned that appellant might be reaching into his jacket for a
weapon, reached for his pepper spray.  At that point, Officer Solis noticed he
had no feeling in his right shoulder.  Officer Solis continued to hold
appellant down until other officers arrived at the scene and arrested
appellant.  After Officer Solis stood up, he realized he was in a great deal of
pain and was transported to a local emergency room.  Officer Solis suffered a
dislocated shoulder, which required surgery and several months of
rehabilitation.








A grand jury indicted appellant with aggravated assault on
a public servant.  After trial, a jury convicted appellant of assault on a
public servant and sentenced him to eight years in prison and a $10,000 fine.[1] 
This appeal followed.

II.  Sufficiency of the Evidence

In his first issue, appellant contends the evidence is
legally insufficient to support the conviction for assault of a public
servant.  Specifically, he asserts the evidence is insufficient to establish he
intentionally, knowingly, or recklessly caused bodily injury to Officer Solis.

In evaluating a legal sufficiency claim attacking a jury=s finding of
guilt, we view the evidence in the light most favorable to the verdict.  Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  We do not ask whether
we believe the evidence at trial established guilt beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 318‑19 (1979).  Rather, we determine only
whether a rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt.  Cardenas v. State, 30 S.W.3d 384, 389
(Tex. Crim. App. 2000).  In our review, we accord great deference A>to the
responsibility of the trier of fact [to fairly] resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.=@  Clewis v.
State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996) (quoting Jackson,
443 U.S. at 319).  We presume that any conflicting inferences from the evidence
were resolved by the jury in favor of the prosecution, and we defer to that
resolution.  Jackson, 443 U.S. at 326.








Our review is not confined to direct evidence, and intent
is proven most often through the circumstantial evidence surrounding the
offense.  Hernandez v. State, 819 S.W.2d 806, 810 (Tex. Crim. App.
1991).  Circumstantial evidence, however, is as probative of guilt as direct
evidence.  Guevara v. State, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004). 
Jurors may infer intent from facts that tend to prove its existence, such as
the defendant=s acts, words, and conduct.  Id. at 50.

A person commits assault on a public servant if he
intentionally, knowingly, or recklessly causes bodily injury to a person the
actor knows is a public servant while the public servant is lawfully discharging
an official duty.  See Tex. Penal
Code Ann. ' 22.01(a)(1), (b)(1) (Vernon Supp. 2008). 
As noted above, appellant only challenges the sufficiency of the evidence
regarding the culpable mental state.  Where, as here, a general verdict is
returned and the evidence supports a finding of guilt on any of the theories
submitted to the jury, we will uphold the conviction.  See Rosales v. State,
4 S.W.3d 228, 231 (Tex. Crim. App. 1999).  We therefore focus our analysis on
whether the State established appellant recklessly caused bodily injury to
Officer Solis by wrestling with him, as charged in the indictment.  AA person acts
recklessly . . . with respect to . . . the result of his conduct when he is
aware of but consciously disregards a substantial and unjustifiable risk that .
. . the result will occur.@  Tex.
Penal Code Ann. ' 6.03(c) (Vernon 2003).   

Viewing the evidence in the light most favorable to the
verdict, the record reflects that appellant ran from the loss prevention
officers at Kohl=s Department Store, pushing one of them
out of his way as he fled.  He also scuffled with the loss prevention officers
before escaping and crossing a highway in his effort to get away.  Rather than
stopping when approached by Officer Solis, appellant cursed at him and again
ran away.  And even after Officer Solis caught up to appellant and the two fell
to the ground, appellant continued to fight being handcuffed.  Officer Solis
testified, AAs I was pulling [appellant=s right hand,] he
kept pulling it away. . . . [A]s I pulled he started tugging backwards on me.@  Officer Solis
explained that when he tried to grab appellant=s arm, appellant
pulled away from him.  Further, when asked whether he felt any physical pain
resulting from appellant=s Awrestling against
[Officer Solis=s] attempts to arrest@ appellant, the
officer responded affirmatively.  








By physically resisting arrest, appellant consciously
disregarded the substantial and unjustifiable risk that Officer Solis could be
injured by his actions.  See Lofton v. State, 45 S.W.3d 649, 652 (Tex.
Crim. App. 2001) (AEven if appellant had intended only to
prevent his arrest, the force used by appellant against [the officer], at the
very least, recklessly caused [the officer] to suffer a bodily injury.@); Gumpert v.
State, 48 S.W.3d 450, 454 (Tex. App.CTexarkana 2001,
pet. ref=d) (concluding
that the evidence established appellant disregarded Asubstantial
nonjustifiable risk that his struggling, flailing about, and kicking could
result in bodily injury@).  Based on the acts, words, and conduct
of appellant, the jurors could have rationally inferred that his recklessness
caused Officer Solis bodily injury.

In sum, we conclude that a rational trier of fact could
have found beyond a reasonable doubt that appellant assaulted Officer Solis. 
We overrule appellant=s first issue.

III.  Jury Charge Error

In his second issue, appellant claims the jury charge
contains error because the trial court did not limit the definitions of the
culpable mental states to the result of his conduct only.  The State concedes
that failing to limit these definitions to the result of appellant=s conduct is
error.  See, e.g., Ford v. State, 38 S.W.3d 836, 844 (Tex.
App.CHouston [14th
Dist.] 2001, pet. ref=d) (concluding that, in a result-oriented
offense such as assault, failure to limit definitions to results only is
erroneous).  Because appellant did not raise this objection at trial, the
record must show that appellant suffered egregious harm from the error, that
is, that he was denied a fair trial.  See Medina v. State, 7 S.W.3d 633,
639 (Tex. Crim. App. 1999).  The actual degree of harm must be assessed in
light of the entire jury charge, the state of the evidence, including the
contested issues and weight of probative evidence, the argument of counsel, and
any other relevant information revealed by the record of the trial as a whole. 
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).  Absent a
showing to the contrary, we may presume that the jury acted rationally.  Richardson
v. State, 879 S.W.2d 874, 882 (Tex. Crim. App. 1993). 








First, in considering the jury charge as a whole, the
application paragraph properly limited the culpable mental state to the result
of appellant=s conduct:

Now if you find from the evidence beyond a
reasonable doubt that on or about the 30th day of January, 2007, in Brazoria
County, Texas, the defendant, TOMMY EUGENE BYARS, did then and there
intentionally or knowingly or recklessly cause bodily injury to Patrick Solis
by wrestling with Patrick Solis, and the defendant did then and there know that
the said Patrick Solis was then and there a public servant, to wit: a peace
officer, and the said public servant was then and there lawfully discharging
[a]n official duty; you will find the defendant guilty of Assault on a Public
Servant as charged in the indictment.

Although
such a proper application paragraph does not cure the erroneous instruction, it
does factor into the harm analysis.  Cook v. State, 884 S.W.2d 485, 492
n.6 (Tex. Crim. App. 1994); Harrell v. State, 923 S.W.2d 104, 107B08 (Tex. App.CHouston [14th
Dist.]), vacated on other grounds, 930 S.W.2d 100 (Tex. Crim. App.
1996).  AWhere the
application paragraph correctly instructs the jury, an error in the abstract
instruction is not egregious.@  Medina, 7 S.W.3d at 640.

Second, the state of the evidence weighs against a finding
of egregious harm.  As discussed more fully above, legally sufficient evidence
supports appellant=s conviction.  Based on appellant=s acts, words, and
conduct, the jury could rationally infer that he acted with the appropriate
culpable mental state.

The third Almanza factor, argument of counsel, also
weighs against a finding of egregious harm in this case.  The State repeatedly
made clear during closing argument that appellant intentionally, knowingly, or
recklessly caused Officer Solis=s bodily injury:

$                  
AYou=re going to be asked to decide whether or not you
think Mr. Byars intentionally, knowingly or recklessly caused bodily
injury.@

$                  
AHe=s elbowing and he=s directing those actions against the officer.  That caused
that bodily injury that Officer Solis told you about.@

$                  
AThose were the actions, those are
the causes.  He=s elbowing, he=s wrestling around, [he=s] moving his body into Officer
Solis.@








$                  
AIn the indictment there is nothing
necessarily to do with a dislocated shoulder.  It doesn=t say a dislocated shoulder.  It
says caused bodily injury.@

$                  
ABut regardless, in this situation
and in this case the Defendant caused bodily injury to Officer Solis.@

$                  
AAnd you can choose to believe
whether or not the Defendant caused that . . . .@

$                  
AAnd that=s the point when [Officer Solis]
realized that his arm [w]as immobilized and he couldn=t use it and he had to hold the
Defendant while the Defendant continued to wrestle with him, continuing to cause
the officer bodily pain.@

(emphasis
added).  Indeed, when considered as a whole, the State=s closing argument
tended to lessen the impact of the erroneous definition in the charge. 

Finally, turning to Aany other relevant
information revealed by the record as a whole,@ appellant points
to the fact that during voir dire, the prosecutor provided a broader definition
of recklessness, as well as an example reinforcing the broader definition
involving driving a car into a portable toilet.  But the fact that these
statements occurred during voir dire lessens any potential harm stemming from
them.  Further, the example provided differs substantially from the facts of
this case; one may only speculate that the jury relied on the example provided
in voir dire.  The record must reflect actual, not theoretical, harm from an
error in the jury instruction.  Ngo v. State, 175 S.W.3d 738, 750 (Tex.
Crim. App. 2005).

After considering the Almanza factors, the record
does not reflect that appellant was egregiously harmed by the trial court=s failure to limit
the definitions of the culpable mental states.  We overrule his second issue.

We affirm the trial
court=s judgment.

 

/s/      Leslie B. Yates

Justice

 

 

Judgment rendered and Memorandum
Opinion filed October 21, 2008.

Panel consists of Justices Yates,
Anderson, and Brown.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  Before voir dire, the State abandoned the allegation
of Aserious@
bodily injury, reducing the charged offense to assault on a public servant.