

# NUMBER 13-17-00530-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ISIDRO JACOBO,                                                                                      Appellant,

v.

THE STATE OF TEXAS,                                                                                 Appellee.

### On appeal from the 319th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Longoria, Perkes, and Dorsey[1]
### Memorandum Opinion by Justice Dorsey

A jury convicted appellant Isidro Jacobo of one count of assault on a public servant.

---

[1] Retired Thirteenth Court of Appeals Justice J. Bonner Dorsey, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003.

*See* TEX. PENAL CODE ANN. § 22.01.  By two issues, Jacobo contends that:  (1) the trial court abused its discretion when it denied his request of a lesser included offense; and (2) the evidence is insufficient to meet the elements of the offense.  We affirm.

## I.   BACKGROUND

On May 28, 2015, Jacobo was a student at Robstown High School where Robstown Police Officer Marco Gonzalez was on duty wearing his uniform.  At trial, Officer Gonzalez testified he attempted to make an arrest on another student in the cafeteria when Jacobo approached him and started insulting him.  Officer Gonzalez continuously instructed Jacobo to go outside and report to the office while simultaneously attempting to arrest the other student.  As Officer Gonzalez walked out with the other student, Jacobo followed them while continuing to insult Officer Gonzalez.  Officer Gonzalez felt Jacobo push and grab his arm, causing him pain.

Other officers were called and responded.  Officer Gonzalez informed Jacobo that he was under arrest, but Jacobo aggressively resisted.  As Officer Isaac Deleon tried to subdue him, Jacobo threw a closed-fist punch with his right hand and hit Officer Deleon on the right side of his head.

Officer John Garcia attempted to put Jacobo into the police car to transport him to the police station.  Officer Deleon observed Jacobo intentionally kick Officer Garcia in the chest as Officer Garcia was attempting to place Jacobo into the police unit.  Officer Garcia testified that as he was attempting to place Jacobo in the back of his unit, Jacobo "loaded up" and forcefully kicked him in the stomach, took his air out, and caused him pain.  According to Officer Garcia, Jacobo was yelling profanities and facing Officer Garcia when he kicked him.   The kick to Officer Garica is the basis of Jacobo's conviction of

2

assault on a public servant.

At the charge conference, Jacobo's attorney requested a lesser-included charge of resisting arrest, which the trial court denied. The jury found Jacobo guilty of the third count of assault on a public servant. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

By his second issue, which we address first, Jacobo argues that the evidence is insufficient to meet the elements of assault on a public servant. We disagree.

### A. Standard of Review

When reviewing the sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011) (holding that the *Jackson* standard is the only standard to use when determining sufficiency of the evidence). The jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Bartlett v. State*, 270 S.W.3d 147, 150 (Tex. Crim. App. 2008). A jury may accept one version of the facts and reject another, and it may reject any part of a witness's testimony. *See Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *see also Henderson v. State*, 29 S.W.3d 616, 623 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (stating that a jury can choose to disbelieve a witness even when that witness's testimony is uncontradicted).

We may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim.

3

App. 2007). We afford almost complete deference to the jury's credibility determinations, and we resolve any inconsistencies in the evidence in favor of the verdict. *See Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008); *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000); *see also Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) ("When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination."). Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011) (quoting *Clayton*, 235 S.W.3d at 778).

**B.      Discussion**

Here, the indictment alleged that Jacobo "intentionally, knowingly, or recklessly cause[d] bodily injury to John Garcia . . . a peace officer . . . ." Officer Garcia testified Jacobo remained uncooperative and refused to enter the police unit. Jacobo then faced Officer Garcia, forcefully kicked him in the stomach, took the wind out of him, and caused him pain. *See Laster v. State*, 275, S.W.3d 512, 524 (Tex. Crim. App. 2009) ("Direct evidence that a victim suffered pain is sufficient to show bodily injury."); *see also Bartlett*, 270 S.W.3d at 150. Officer Garcia testified that he was lawfully discharging an official duty while donning his distinct police officer uniform. Moreover, Officer Deleon observed Jacobo intentionally kick Officer Garcia as Officer Garcia was attempting to place Jacobo into the police unit. Viewing the evidence in the light most favorable to the verdict, we conclude that any rational factfinder could have found beyond a reasonable doubt that Jacobo assaulted a public servant. *See Adames*, 353 S.W.3d at 859. Therefore, we hold

that the jury could have reasonably found that Jacobo assaulted a public servant.  We overrule his second issue.

### III.  LESSER-INCLUDED OFFENSE

By his first issue, Jacobo contends that the jury should have been given an instruction on the offense of resisting arrest because Jacobo was resisting the illegal transportation by Officer Garcia.

### A.  Standard of Review and Applicable Law

We review the trial court's decision regarding the failure to submit a lesser-included offense instruction for an abuse of discretion.  *Brock v. State*, 295 S.W.3d 45, 49 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd).  We apply a two-pronged test to determine if the trial court should have given a jury charge on a lesser-included offense.  *Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007).  We first determine if the proof necessary to establish the charged offense includes the lesser offense, "and this is a question of law that does not depend on the evidence to be produced at trial."  *Steele v. State,* 490 S.W.3d 117, 129 (Tex. App.—Houston [1st Dist.] 2016, no pet.).  The second step requires us to determine whether "there is some evidence in the record which would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense."  *Rice v. State*, 333 S.W.3d 140, 145 (Tex. Crim. App. 2011).

A person commits the offense of assault on a public servant if the person:  (1) intentionally, knowingly, or recklessly (2) causes bodily injury (3) to a person the actor knows is a public servant (4) while the public servant is lawfully discharging an official duty.  *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(1).  A person commits the offense of resisting arrest, search, or transportation if the person:  (1) intentionally (2) prevents or

5

obstructs a person he knows is a peace officer (3) from effecting an arrest, search, or transportation of the actor (4) by using force against the peace officer. *Id*. § 38.03(a).

An offense constitutes a lesser-included offense of a charged offense if: (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it differs from the charged offense only in that a less serious injury or risk of injury to same subject suffices to establish its commission; (3) it differs from the offense charged only in that a less culpable mental state suffices to establish its commission, or consists of an attempt to commit the charged offense. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09. We use the statutory elements and the facts alleged in the charging instrument to find lesser-included offenses. *See Hall*, 225 S.W.3d at 535.

**B. Discussion**

In *Lofton*, the court of criminal appeals held that the defendant was not entitled to a resisting arrest instruction where defendant struck the officer in the face, causing the officer to suffer pain. *Lofton v. State*, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001). The court further noted that even if the defendant intended only to resist arrest, the force used by the defendant against the officer, at the very least, recklessly caused the officer to suffer bodily injury. *Id*. Thus, regardless of the defendant's intent, the State proved that the defendant assaulted the officer, and resisting arrest was not a rational alternative to assault on a public servant. *Id*.

This case presents no basis for distinguishing the *Lofton* court's precedent. The evidence at trial established that Jacobo forcefully kicked Officer Garcia in the stomach with his foot, took the wind out of him, and caused Officer Garcia pain. Thus, in resisting

6

arrest, Jacobo assaulted a public servant. *See Steele*, 490 S.W.3d at 129 (concluding that the defendant was not entitled to a resisting arrest charge where the defendant physically struggled with the officer and caused the officer injuries); *Ortega v. State,* 207 S.W.3d 911, 918 (Tex. App.—Corpus Christi–2006, no pet.) (holding that the trial court did not err in refusing lesser-included-offense instruction on resisting arrest when "[t]he evidence show[ed] that appellant struck the arresting officer in the chest and face using his fists"); *Oiler v. State*, 77 S.W.3d 849, 852 (Tex. App.—Corpus Christi–Edinburg 2002, pet ref'd) (holding that defendant was not entitled to a lesser-included offense of resisting arrest when defendant forcefully kicked an officer to prevent the police officer from effecting his arrest, and the officer testified he was injured when defendant kicked him); *Gumpert v. State,* 48 S.W.3d 450, 454 (Tex. App.—Texarkana 2001, pet. ref'd) (resisting arrest was not a rational alternative to assault on a public servant when there was evidence that the defendant caused bodily injury while resisting arrest). Therefore, the trial court did not abuse its discretion when it refused Jacobo's request for an instruction on resisting arrest. *See Brock*, 295 S.W.3d at 49. We overrule Jacobo's first issue.

## VI. CONCLUSION

Having overruled Jacobo's issues, we affirm the trial court's judgment.


J. BONNER DORSEY,
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
11th day of July, 2019.

7