**Opinion issued October 29, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00299-CR

_____

**CREGORY THOMPSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1317593**

---

## MEMORANDUM OPINION

A jury found appellant Cregory Thompson guilty of the second degree felony offense of aggravated assault with a deadly weapon, and the trial court assessed a punishment of five years' imprisonment. *See* TEX. PENAL CODE ANN. § 22.02 (West 2012). On appeal, Thompson contends that the trial court erred in

overruling his motion for new trial because he was denied effective assistance of counsel. Finding no reversible error, we affirm.

## Background

Jason Bittner worked for vehicle lienholders, assisting them in repossessing vehicles due to nonpayment. On the evening of August 4, 2011, Bittner attempted to repossess a Ford F150 truck that Cregory Thompson had in his possession. The truck was registered in the name of Lakendra Coffman, Thompson's business partner. At the time of the attempted repossession, the Ford F150 was parked in a parking lot in a strip center directly in front of the nightclub that Thompson owned.

Bittner parked his tow truck behind the F150 to block it from the parking lot exit. He then got out of his car and approached Thompson, who was standing outside the nightclub with Tony Gaitlin. Bittner and Thompson spoke for about ten minutes. Thompson refused to let Bittner repossess the F150 and, after several minutes, Thompson cocked a gun, pointed it at Bittner, and ordered him to leave the property. Bittner called the police and reported the incident as he was pulling away from the parking lot.

About fifteen minutes after the incident, Thompson called 911 to inquire whether an outstanding warrant for aggravated assault had been issued in his name.

Officer R. Freeze, of the Houston Police Department, began an investigation of Thompson a few days after Bittner reported the encounter. Officer Freeze stated

that Bittner positively identified Thompson in a photo spread, but Thompson denied the accusation and stated that there was surveillance video that would exonerate him. Neither Officer Freeze nor Thompson was able to recover video footage from that evening. The police never located the gun that Thompson used in the altercation.

The indictment charged that Thompson "intentionally and knowingly threaten[ed] Jason Bittner with imminent bodily injury by using and exhibiting a deadly weapon, namely, a firearm." Thompson pleaded not guilty to the charge.

## Ineffective Assistance of Counsel

### I.    Standard of Review

Thompson contends that his trial counsel was ineffective in not requesting that the jury be given an instruction on the defense of property, investigating "the law and facts" that would support his defense, or challenging the State's evidence in a meaningful way. The United States Supreme Court has established a two-pronged test for determining whether there was ineffective assistance of trial counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068 (1984). To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient and (2) a reasonable probability exists that the result of the proceeding would have been different but for counsel's deficient performance. *Id.*; *Andrews v. State*, 159

S.W.3d 98, 101–02 (Tex. Crim. App. 2005).

The first prong of the *Strickland* test requires that the defendant show that counsel's performance fell below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The defendant must prove, therefore, by a preponderance of the evidence that trial counsel's representation objectively fell below professional standards. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002); *see Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064 ("This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.").

The second prong requires the defendant to show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Thompson*, 9 S.W.3d at 812. "Reasonable probability" means a "probability sufficient to undermine confidence in the outcome." *Thompson*, 9 S.W.3d at 812. A failure to make a showing under either prong defeats a claim for ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

The record must affirmatively support any allegation of ineffectiveness. *Thompson*, 9 S.W.3d at 813. The appellant must prove ineffective assistance by a preponderance of the evidence and must overcome the strong presumption that his

counsel's conduct falls within the wide range of reasonably professional assistance or might reasonably be considered sound trial strategy. *Robertson v. State*, 187 S.W.3d 475, 482–83 (Tex. Crim. App. 2006).

The grant or denial of a motion for new trial is a matter entirely within the trial court's discretion and will not be reversed unless the trial court abused its discretion. *State v. Gonzales*, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993). An abuse of discretion occurs when the trial court's decision is so clearly wrong as to lie outside the zone of reasonable disagreement. *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). At a hearing on a motion for new trial, the trial court is the sole judge of witness credibility. *See Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995).

## II. Failure to Investigate "the Law and Facts" Regarding Defense of Property

Thompson complains that his trial counsel failed to render competent assistance because he failed to investigate facts that, if developed during the guilt-innocence phase, would have lent credibility to Thompson's explanation for his actions following the incident. Section 9.41 of the Penal Code allows

> [a] person unlawfully dispossessed of . . . tangible, moveable property by another [to use] force against the other when and to the degree the actor reasonably believes the force is immediately necessary to ... recover the property if the actor uses the force immediately or in fresh pursuit after the dispossession and . . . reasonably believes the other had no claim of right when he dispossessed the actor[.]

5

TEX. PENAL CODE ANN. § 9.41(b)(1) (West 2011). The defense requires the defendant to admit to the intentional use of force.

An appellate court generally assumes that trial counsel had a strategic reason to act as he did if any strategic motivation can possibly be imagined, and "will not conclude the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). Thompson's trial counsel explained his reasons for not requesting a defense-of-property instruction during the motion for new trial hearing:

Q. And can you get into about why you did not request a defense of property instruction? Was that a strategic decision?

A. No. It was not. I—honestly, it didn't cross my mind. I'll be perfectly honest.

Q. Okay.

A. It didn't cross my—let me clarify. It didn't cross my mind because it wasn't his truck.

Q. Okay.

A. I mean, it wasn't his property.

Q. Okay.

A. So, I mean, it was just one of those—it didn't seem applicable to me.

At the motion for new trial hearing, Thompson testified that, even though the truck registration showed Coffman as the sole owner, the truck belonged to their business, and payments for the truck were drawn from a joint bank account held by Thompson and Coffman. Thompson claims that, because he had an ownership interest in the truck, he was entitled to a defense-of-property jury instruction and prejudiced by his trial counsel's failure to request its submission.

Proof of ownership, however, is only one of the elements that the evidence must raise before a defendant is entitled to a jury instruction on defense of property. Thompson was also required to show that (1) Bittner was acting unlawfully in attempting to repossess the truck and (2) Thompson reasonably believed that the force he used was immediately necessary to prevent Bittner's unlawful interference. *See* TEX. PENAL CODE ANN. § 9.41(a) (West 2011). No evidence presented during the guilt-innocence phase raised an issue about whether Bittner's attempted repossession was unlawful. During the punishment phase, Thompson admitted that he knew that his business partner had not kept up with the payments due on the truck and that he had tried to make arrangements with Bittner to pick up the truck the next morning.

Further, Thompson denied having brandished a gun at Bittner—the very conduct he would have had to admit to in order to claim defense of property in this case. *See* TEX. PENAL CODE ANN. § 9.42 (West 2011); *East v. State*, 76 S.W.3d

736, 738 (Tex. App.—Waco 2002, no pet.) (holding that defendant must admit to committing conduct which forms basis of affirmative defense before claiming that defense). Instead, he relied on the eyewitness testimony of an acquaintance who frequented the club and was present the night of the incident. The witness denied that Thompson held or used a weapon during his discussion with Bittner.

From the evidence presented at the new trial hearing, the trial court could have reasonably concluded that trial counsel made a strategic decision not to raise the issue of defense of property because the evidence at trial did not substantiate a need for Thompson to protect the property and counsel reasonably chose to employ the available trial strategy, namely, that Thompson was innocent of the alleged crime and never brandished a firearm at all. Because the defense of property issue would have undermined the reasonable trial strategy that trial counsel employed, Thompson has failed to satisfy the first prong of the *Strickland* test. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

## III. Failure to Challenge the State's Evidence

Thompson next contends that his trial counsel failed to challenge the State's evidence in a meaningful way. First, Thompson points to Sergeant Hendrix's testimony that, in his 911 call, Thompson denied involvement in the incident. In testimony adduced at the punishment stage, Thompson explained that Coffman called him earlier that evening to tell him that Bittner had informed her that the

police had an outstanding warrant for Thompson's arrest, and that he called 911 to demonstrate to Coffman that no warrant had been issued. Because trial counsel did not elicit testimony on this issue from Bittner during cross-examination, Thompson contends the jury was left with the impression that Thompson's call demonstrated his awareness of his guilt. Thompson also claims that his trial counsel should have developed the facts surrounding a conversation between Coffman and Thompson in which Coffman asked Thompson about what happened that night, and Thompson replied "I don't know what you're talking about." Thompson explains that his reply referred to Bittner's allegations of assault, not to whether he had been present during the incident. Trial counsel's failure to elicit testimony from Coffman that would place Thompson's statement in context, he complains, left the appearance that he was being evasive and denying his involvement in the incident.

Thompson did not present either of these failure-to-investigate claims in his motion for new trial, and the hearing record does not affirmatively demonstrate that trial counsel was ignorant of those issues or that he lacked a strategic reason for not developing the testimony concerning them. Further, Thompson fails to account for Coffman's trial testimony in which she explained that, contrary to Thompson's assertion, she understood Thompson's response that "[h]e didn't know what I was talking about" to mean that "he wasn't there" when Bittner tried to repossess the truck. In any event, we hold that the record is insufficient to

support Thompson's burden to prove these ineffective assistance complaints. *See Thompson*, 9 S.W.3d at 814.

## Conclusion

We hold that Thompson has not met his burden to show that he was denied effective assistance of counsel. We therefore affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).