**Opinion issued February 11, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00768-CR

————————————

**ROBERT WAYNE ROLLINS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Case No. 13CR3062**

---

## MEMORANDUM OPINION

A jury convicted Robert Wayne Rollins of assault against a public servant.

Rollins pleaded true to two enhancement paragraphs, and the jury assessed his

punishment at 28 years' imprisonment. On appeal, he contends that (1) the

evidence against him is legally insufficient to support his conviction; (2) the jury

charge was erroneous; and (3) his trial counsel was ineffective. Rollins also disputes the trial court's certification that a video exhibit submitted for our review is the same exhibit admitted at trial. Finding no reversible error, we affirm.

## BACKGROUND

Galveston police officer Gregory Parris was on evening patrol in a marked police car. As he approached an intersection while traveling north, he heard loud music nearby. Parris determined that the music was coming from a tan Buick. He stopped his patrol car and waited for the Buick to pass. As the Buick drove by, Parris pulled behind him and activated his lights and siren. Rollins passed several driveways before turning off on a side street and into the parking lot of an adjacent gas station. As Rollins rolled past the gas station's automatic car wash, Parris ordered Rollins to stop, using his patrol car's external loudspeaker. Rollins stopped his car, and Parris parked behind him.

Parris approached the Buick's driver side door on foot with his gun drawn at his side. Parris examined the interior of the car with a flashlight. Rollins commented that he had his kids in the car and needed to call his wife. Rollins handed a bag of marijuana to Parris, telling him "this is what I got." Parris took the marijuana and ordered Rollins to get out of the car. Rollins did not cooperate immediately, digging through papers in the Buick's center console. Rollins then "dove" into the passenger side foot well. According to Rollins, he did so to

2

retrieve his cell phone so he could call his wife, but Parris testified that he thought that Rollins might be reaching for a gun. Parris dove into the car to pull Rollins out. According to Parris's testimony, Rollins responded by "kicking, pushing, [and] swinging his head around." Parris dragged Rollins out of the car and attempted to force Rollins to the ground so he could handcuff him. Rollins resisted, attempting repeatedly to get up while Parris, who was shorter than Rollins, struggled to wrestle him to the ground. The grappling continued for more than a minute, eventually moving out of the view of Parris's dashboard camera. At one point in the fight, Rollins's head struck Parris's face, injuring his nose. During the encounter, Parris felt his left knee pop. Parris finally subdued Rollins with a taser, testifying that he was "gassed out" and couldn't fight any more.

Additional police officers arrived to take over the scene. They photographed Parris's and Rollins's injuries, and transported Officer Parris to the hospital. The police officers found suspicious substances on the pavement, under the Buick's rear tire, by the driver's door, and on the driver's seat. These substances were later identified as crack cocaine and methamphetamine.

At the hospital, Parris was found to have suffered injuries to both knees, which required two surgeries and rehabilitation. Parris's nose was bloodied, and his hands were scraped. Parris suffered some permanent loss of function in his right knee.

A grand jury indicted Rollins for assault against a public servant, enhanced by a prior felony conviction for delivery of a controlled substance. At trial, Parris testified against Rollins. The State introduced Parris's dashboard camera video, and presented expert testimony identifying the drugs found near Rollins's car. The State's theory at trial was that Rollins resisted arrest to afford himself time to dispose of the cocaine and methamphetamine discovered at the scene. In doing so, the State argued, Rollins recklessly injured Parris.

Rollins testified in his own defense. He admitted to resisting arrest, but denied kicking Parris or acting recklessly with regard to Parris's safety. He explained that he handed over the marijuana immediately because he knew that he had warrants out and that he would be arrested. Rollins claimed that he leaned into the passenger side footwell because his cell phone was there and he thought he had an understanding with Parris that he could call his wife. According to Rollins, he acted out of concern for his children in the back seat. Attempting to present himself as a forthright person working to overcome his criminal past, Rollins admitted to his two prior felony convictions. Rollins also admitted that he had codeine cough syrup, purchased without a prescription, in the car's center console.

The jury returned a guilty verdict. In the punishment phase, Rollins pled true to two felony enhancements, both for delivery of a controlled substance. The jury assessed punishment at 28 years' imprisonment. Rollins brought a motion for

new trial on the sole ground that his trial counsel was ineffective for failing to request a jury instruction on self-defense. He supported this motion with an affidavit by his trial counsel averring that her failure to request a self-defense instruction was not trial strategy but was merely an oversight. The trial court denied Rollins's motion.

After this appeal was filed, Rollins informed us in a motion to abate that the court reporter at trial could not find the dashboard camera video, admitted as State's Exhibit No. 1. After some delay, the trial court's current court reporter discovered a video disc labeled "State Exhibit No. 1, State of Texas versus Robert Rollins" in the court's exhibit closet. The trial court held a verification hearing pursuant to Rule of Appellate Procedure 34.6(f) to determine whether the disc was an accurate duplicate of the trial exhibit. The court found that the disc was the original exhibit, and the court reporter filed it as a supplement to the reporter's record.

## DISCUSSION

### I. Verification Hearing

On appeal, Rollins first contends that the trial court erred in finding that the video disc found in the trial court's exhibit room was the dashboard camera video exhibit admitted at trial. Under Texas Rule of Appellate Procedure 34.6(e), we may submit a dispute over the accuracy of the reporter's record to the trial court,

which must then settle the dispute after notice and a hearing. TEX. R. APP. P. 34.6(e)(2). When the appellant alleges that a significant exhibit has been lost or destroyed, Rule 34.6(f) entitles him to a new trial:

> (1) if the appellant has timely requested a reporter's record;
>
> (2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;
>
> (3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and
>
> (4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

TEX. R. APP. P. 34.6(f). In reviewing a trial court's findings about the authenticity of the record, we defer to the trial court's determination of historical facts, provided that those facts are supported by the evidence adduced at the hearing. *See Tucker v. State*, 369 S.W.3d 179, 183 (Tex. Crim. App. 2012) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)); *State v. Webb*, 244 S.W.3d 543, 547 (Tex. App.—Houston [1st Dist.] 2007, no pet.). The trial court may make its

factual determinations as to the authenticity of an exhibit based on affidavits. *See Manzi v. State*, 88 S.W.3d 240, 244 (Tex. Crim. App. 2002).

At the hearing, the parties presented conflicting affidavits on the video disc's authenticity. The State presented an affidavit by its current trial court reporter that she found the video disc in the evidence closet used by the former court reporter at the time of the trial, to which only she and the former court reporter had access. The State also introduced affidavits from the former court reporter, the trial prosecutor, Officer Parris, and Rollins's trial counsel, which confirmed that the video disc found in the court's exhibit room was the one admitted at trial.

Rollins presented a contradictory affidavit, in which he contended that the video found differed from the one at trial. He stated that the original video reflected that Officer Parris used greater force than the one proffered at the authenticity hearing, and thus that the new video was inconsistent with the old one. Here, as in *Manzi*, the trial court was called upon to determine historical facts from conflicting affidavits; namely, whether the video disc found in the closet was the missing exhibit. *See Manzi*, 88 S.W.3d at 244. Because the State's affidavits contain specific facts that support the trial court's determination that the video exhibit is authentic, we cannot say that the trial court erred in crediting them. *Manzi*, 88 S.W.3d at 244; *Tucker*, 369 S.W.3d at 183. Accordingly, we conclude

that the video submitted in the supplemental record is part of the record on appeal submitted for our consideration of this case.

## II. Sufficiency of the Evidence

Rollins next contends that the evidence presented at trial is not legally sufficient to support his conviction for assault on a public servant. Specifically, Rollins contends that the evidence does not prove that he acted recklessly or voluntarily such that his acts resulted in Parris's injuries.

### A.    Standard of Review

Under the standard of review for legal sufficiency challenges, the evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational factfinder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The factfinder must resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015) (citing *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789). For review, we determine whether necessary inferences are reasonable in light of the combined and cumulative force of all the evidence,

8

viewed in the light most favorable to the verdict. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778. We also defer to the factfinder's evaluation of the credibility and weight of the evidence. *Williams*, 235 S.W.3d at 750.

**B.    Analysis**

As charged in the indictment, a person commits assault by intentionally, knowingly, or recklessly causing bodily injury to another. TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2011 & Supp. 2015). Assault is ordinarily a Class A misdemeanor, but it is a third-degree felony if the assault is committed against a public servant while the public servant is lawfully discharging an official duty. *Id.* § 22.01(b)(1). "Bodily injury" means "physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(8) (West 2011 & Supp. 2015). "Even relatively minor physical contact may constitute an assault if it constitutes more than offensive touching." *Laster*, 275 S.W.3d at 524 (citing *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989)). To have committed a crime, however, a person must have voluntarily engaged in the conduct causing the injury, whether it is an act, an omission, or possession. TEX. PENAL CODE ANN. § 6.01(a) (West 2011). The concept of voluntariness refers to a person's physical body

9

movements, which must be the product of his will, not of a "physical reflex or convulsion," nor of "unconsciousness, hypnosis, or other nonvolitional impetus . . . ." *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014) (quoting *Rogers v. State*, 105 S.W.3d 630, 638 (Tex. Crim. App. 2003)). The voluntariness requirement is distinct from the mens rea requirement, which additionally requires that the defendant acted intentionally, knowingly, or recklessly. *See* TEX. PENAL CODE ANN. § 22.01(a)(1); *Whatley*, 445 S.W.3d at 166.

"A person acts recklessly . . . when he is aware of but consciously disregards a substantial and unjustifiable risk . . . that the result will occur." TEX. PENAL CODE ANN. § 6.03(c). A person's culpable mental state may be shown by circumstantial evidence. *Bounds v. State*, 355 S.W.3d 252, 255 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Tottenham v. State*, 285 S.W.3d 19, 28 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd).

Rollins argues that the record does not support a finding that he acted recklessly. Parris's testimony and the dashboard camera video, however, depict a physical struggle in which Rollins vigorously resists arrest for more than a minute. Where a struggle occurs in which a police officer is injured, recklessness may be implied from the defendant's continued struggling. In *Gumpert v. State*, when police officers attempted to handcuff the defendant, he flailed and struggled,

knocking off a police officer's eyeglasses, dragging two officers to the ground, and kicking the officers while the three men were on the ground. 48 S.W.3d 450, 453 (Tex. App.—Texarkana 2001, pet. ref'd). Gumpert was convicted of assault on a public servant. *Id.* at 452. On appeal, he contended that the trial court should have given a lesser-included offense instruction for resisting arrest. *Id.* The Texarkana Court of Appeals held that the facts did not justify the lesser-included offense instruction, reasoning that the evidence "showed that Gumpert recklessly caused bodily injury in disregarding the substantial non-justifiable risk that his struggling, flailing about, and kicking could result in bodily injury to [the police officer] . . . ." *Id.* at 454 (citing *Lofton v. State*, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001)). Similarly, in this case, Parris testified that Rollins pushed, kicked, and head-butted him while he tried to restrain Rollins. The jury reasonably could have inferred from the extent to which Rollins resisted that he knew he unreasonably risked injuring Parris. *See Bounds*, 355 S.W.3d at 255; *Clayton*, 235 S.W.3d at 778; *Gumpert*, 48 S.W.3d at 453.

Rollins also argues that the record does not support a finding that he caused any of Parris's injuries by specific voluntary actions. Thus, for example, because the State could not attribute Parris's knee injuries to a single, discrete action by Rollins, the evidence must be insufficient to hold Rollins culpable. The Penal Code premises criminal liability on a voluntary act by the defendant. *See* TEX.

11

PENAL CODE ANN. § 6.01(a). However, the statute defining assault does not require that the defendant exert force against the victim in a specific way to cause the victim's injury. *See id.* § 22.01(a); *Morales v. State*, 293 S.W.3d 901, 908 (Tex. App.—Texarkana 2009, pet. ref'd). All that is required is that the defendant cause bodily injury to another. TEX. PENAL CODE ANN. § 22.01(a). Officer Parris testified that Rollins pushed and kicked at him when Parris tried to pull Rollins out of the car. Their physical struggle resulted in injuries to Parris's knees, in addition to other minor injuries. While the knee injuries may not be attributable to one specific act, the jury could conclude that the injuries were the result of the overall physical struggle resulting from Rollins's use of force. *See* TEX. PENAL CODE ANN. §§ 6.01(a), 22.01(a); *Whatley*, 445 S.W.3d at 166; *Morales*, 293 S.W.3d at 910.

### III. Jury Charge Error

Rollins next contends that the trial court erred in failing to instruct the jury that it must be unanimous as to which of Parris's injuries Rollins caused serious bodily injury and that, under Section 2.05(a) of the Penal Code, any presumption made must be based on facts found beyond a reasonable doubt.

### A. Standard of Review

When reviewing a trial court's jury charge, we first determine whether an error in the charge exists. *Nguyen v. State*, 811 S.W.2d 165, 167 (Tex. App.—

Houston [1st Dist.] 1991, pet. ref'd).  If error exists, then we determine whether the error was harmful, if the defendant objected to the error at trial; if no objection was made, then we determine whether the error was egregiously harmful.  *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013) (quoting *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (emphasis in original)).  Egregious harm results from errors that affect "the very basis of the case," "deprive the defendant of a valuable right," or "vitally affect a defensive theory."  *Ngo v. State*, 175 S.W.3d 738, 750 (Tex. Crim. App. 2005).  Because Rollins raised neither of these objections at trial, we review any charge error under the "egregious harm" standard.  *See id.*

## B. Unanimity

Rollins argues that the trial court should have instructed the jury that it must be unanimous as to which injuries Rollins caused.  Rollins reasons that because certain jurors might have believed that Rollins injured Parris's knees and others might have believed that Rollins injured Parris's face or hands, Rollins was denied a unanimous verdict that he caused any particular injury to Parris.

The Texas Constitution and the Code of Criminal Procedure require that the jury in a criminal case reach a unanimous verdict.  TEX. CONST. art. V, § 13; TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (West 2011); *Ngo v. State*, 175 S.W.3d at 745 (Tex. Crim. App. 2005).  Unanimity means that the jurors must agree that the

defendant committed one specific crime. *See Landrian v. State*, 268 S.W.3d 532, 535 (Tex. Crim. App. 2008). The jurors need not, however, agree on the manner or means by which the crime was committed. *Young v. State*, 341 S.W.3d 417, 422 (Tex. Crim. App. 2011). When alternate theories of committing the same offense are submitted to the jury in the disjunctive, and the jury is required by the charge to find each element of the offense beyond a reasonable doubt, it is appropriate for the jury to return a general verdict if the evidence is sufficient to support a finding under any of the theories submitted. *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991).

Section 22.01 of the Penal Code defines assault by bodily injury as "intentionally, knowingly, or recklessly caus[ing] bodily injury to another." TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2011 & Supp. 2015). Thus, the gravamen of the offense of assault by bodily injury is "causing bodily injury." *See Landrian*, 268 S.W.3d at 536–37. For a result-oriented offense like bodily injury assault, the precise nature of the act alleged is inconsequential. *Id.* "What matters is that the conduct (whatever it may be) is done with the required culpability to effect the *result* the Legislature has specified." *Id.* (quoting *Alvarado v. State*, 704 S.W.2d 36, 39 (Tex. Crim. App. 1985)).

The indictment in this case charges Rollins with "intentionally, recklessly, or knowingly caus[ing] bodily injury to Gregory Parris . . . ." A person commits

14

assault by bodily injury by intentionally, knowingly, or recklessly causing, by his or her voluntary action, bodily injury to a person. *See* TEX. PENAL CODE ANN. §§ 6.01(a), 22.01(a)(1); *Landrian*, 268 S.W.3d at 536–37. Because striking Parris's face or scraping his hands on the ground are merely alternative means by which he may have been injured, unanimity was not required, and the trial court did not err. *See* TEX. PENAL CODE ANN. §§ 6.01(a), 22.01(a)(1); *Landrian*, 268 S.W.3d at 536–37.

**C. Section 2.05 Instruction**

Rollins further contends that the trial court erred by not including an instruction under Section 2.05 of the Penal Code. The State concedes that the trial court erred, but argues that the error was harmless.

Section 2.05(a)(2) of the Penal Code requires that the trial court give the following instructions when the jury is asked to apply a presumption with regard to any fact:

> (A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;
>
> (B) that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;
>
> (C) that even though the jury may find the existence of such element, the state must prove beyond a reasonable

15

doubt each of the other elements of the offense charged; and

(D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.

TEX. PENAL CODE ANN. § 2.05(a)(2) (West 2011). In this case, the jury was instructed to presume that Rollins knew that Parris was a public servant "if [Parris] was wearing a distinctive uniform or badge indicating [Parris's] employment as a public servant or status as a security officer." *See id.* § 22.01(d). Thus, Rollins was entitled to an instruction under Section 2.05. *See id.* § 2.05(a)(2). The State concedes, and we find, that the trial court did not give the Section 2.05 instruction, and thus it erred. *See id.* Because Rollins did not object to this error at trial, he must show that the error was "fundamental" and that he was egregiously harmed to be entitled to relief. *Reeves*, 420 S.W.3d at 816.

Rollins concedes that he did not contest Rollins's status as a public servant at trial. He suggests, however, that he was harmed because if the Section 2.05 instruction were given, the jury could have found that Parris was acting beyond his lawful authority. For example, Rollins refers to Parris "dragging" him out of the car, and he suggests that he struggled with Parris because Parris put him in a "chokehold." However, we find in the record no accusation that Parris committed police misconduct or acted outside his lawful authority. In his closing argument,

16

Rollins conceded that he was wrong to have resisted arrest. Because the evidence adduced at trial is incompatible with any jury finding that Parris acted beyond his authority, Rollins was not egregiously harmed by the trial court's error. *See Reeves*, 420 S.W.3d at 816; *Almanza*, 686 S.W.2d at 171.

### IV. Ineffective Assistance of Counsel

Finally, Rollins contends that his trial counsel was ineffective because she failed to (1) request a self-defense instruction; (2) request a lesser-included offense instruction for resisting arrest; (3) request a voluntariness instruction; and (4) object to the admission of evidence that he possessed drugs.

### A. Standard of Review

*Strickland v. Washington* sets the standard of review for claims of ineffective assistance of counsel. 466 U.S. 668, 687–96, 104 S. Ct. 2052, 2064–69 (1984); *accord Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To prevail, Rollins must first show that his counsel's performance was deficient. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Bone*, 77 S.W.3d at 833. Specifically, Rollins "must prove, by a preponderance of the evidence, that his counsel's representation fell below the objective standard of professional norms." *Bone*, 77 S.W.3d at 833. Second, Rollins "must show that this deficient performance prejudiced his defense," meaning that he "must show a reasonable probability that, but for his counsel's unprofessional errors, the result of the

17

proceeding would have been different." *Id.* Thus, the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686, 104 S. Ct. at 2064. In assessing counsel's performance, we consider the entire representation, indulging a strong presumption that the attorney's performance falls within the wide range of reasonable professional assistance. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). If we can imagine any strategic motivation for counsel's conduct, we presume that counsel acted for strategic reasons. *Thompson v. State*, 445 S.W.3d 408, 411 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (citing *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). Further, a claim of ineffective assistance must be firmly supported in the record. *Thompson*, 9 S.W.3d at 813.

### B. Self-Defense Instruction

Rollins points to his trial counsel's affidavit from his motion for new trial, in which his trial counsel avers that her failure to request an instruction on self-defense was an oversight, not a strategic choice.

Section 9.31(c) of the Penal Code states:

> The use of force to resist an arrest or search is justified:
> (1) if, before the actor offers any resistance, the peace officer (or person acting at his direction) uses or attempts

to use greater force than necessary to make the arrest or search; and (2) when and to the degree the actor reasonably believes the force is immediately necessary to protect himself against the peace officer's (or other person's) use or attempted use of greater force than necessary.

TEX. PENAL CODE ANN. § 9.31(c) (West 2011). The defendant has the right to an instruction on any defensive issue raised by the evidence, whether the evidence supporting it is strong or weak, unimpeached or contradicted, and regardless of what the trial court might think of the evidence. *Denman v. State*, 193 S.W.3d 129, 134 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd); *Miller v. State*, 815 S.W.2d 582, 585 (Tex. Crim. App. 1991). To be entitled to a self-defense instruction, a defendant must first admit that he committed the offense, offering self-defense as a justification. *Ex parte Nailor*, 149 S.W.3d 125, 133 (Tex. Crim. App. 2004) (citing *Young v. State*, 991 S.W.2d 835, 839 (Tex. Crim. App. 1999)). Counsel is not ineffective for failing to request an instruction to which the defendant is not entitled. *See Nailor*, 149 S.W.3d at 133.

Rollins was not entitled to a self-defense instruction. In *Nailor*, an assault case, the defendant claimed that the victim threatened him by raising a brass eagle over his head. *Id.* at 128. Per his account, he raised his arms to protect himself, and in doing so, knocked the eagle out of the victim's hands and on the victim's head. *Id.* The defendant claimed that his counsel was ineffective for not

requesting a self-defense instruction. *Id.* at 132. The Court of Criminal Appeals held that the defendant was not entitled to a self-defense instruction. *Id.* at 134. The court reasoned that because the defendant had argued that he lacked the required intent, he had not admitted to having committed the assault. *Id.* Similarly, in this case, Rollins denied having the necessary intent, recklessness, to be guilty of assault. Thus, he did not admit to assaulting the officer and may not claim self-defense in the jury charge. *See id.*

Rollins cites *Torres v. State* for the proposition that to be entitled to a self-defense instruction, a defendant need not admit to the particular offense charged, as long as he sufficiently admits the conduct alleged. 7 S.W.3d 712 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). Rollins argues that because he admitted to resisting arrest, he was entitled to a self-defense instruction. *Torres*, however, is not applicable here. In *Torres*, the defendant, who was accused of assaulting his wife, admitted to grabbing his wife by the hair and to pushing her away. *Id.* at 716. He did not deny that these actions were intentional, arguing instead that he was trying to defend himself. *Id.* at 714. Rollins, by contrast, denied that he acted with the necessary mental state; that is, with intent to cause bodily injury to Parris or with recklessness as to injuring Parris. As the Court of Criminal Appeals observed in *Shaw v. State*, "with respect to defenses such as necessity and self defense . . . when the defensive evidence merely negates the

20

necessary culpable mental state, it will not suffice to entitle the defendant to a defensive instruction. Rather, a defensive instruction is only appropriate when the defendant's defensive evidence essentially admits to every element of the offense *including* the culpable mental state, but interposes the justification to excuse the otherwise criminal conduct." 243 S.W.3d 647, 659 (Tex. Crim. App. 2007). Rollins admitted that he resisted arrest, but testified that he did not intentionally or recklessly cause injury to Parris. Because Rollins did not admit that he recklessly caused bodily injury to Parris, his counsel was not ineffective for failing to request a self-defense instruction. *See Shaw*, 243 S.W.3d at 659; *Nailor*, 149 S.W.3d at 134; *Young*, 991 S.W.2d at 839.

### C. Lesser-Included Offense Instruction

Rollins complains that his counsel was ineffective for failing to request a lesser-included offense instruction for resisting arrest. Because counsel is not ineffective for failing to request a jury instruction to which the defendant is not entitled, we must first determine whether Rollins was entitled to the instruction. *See Nailor*, 149 S.W.3d at 134. We use a two-pronged test to determine whether a defendant is entitled to an instruction on a lesser-included offense. *See Guzman v. State*, 188 S.W.3d 185, 188–89 (Tex. Crim. App. 2006); *Salinas v. State*, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005).

21

The first step is to determine "whether an offense is a lesser-included offense of the alleged offense." *Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007); *Salinas*, 163 S.W.3d at 741. In doing so, we use the "cognate pleadings" approach, under which the first prong is met if the indictment for the greater offense either "(1) alleges all of the elements of the lesser-included offense, or (2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced." *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009) (op. on reh'g). This determination is a determination of law, and "[i]t does not depend on the evidence to be produced at trial." *Hall*, 225 S.W.3d at 535. A person commits the offense of resisting arrest by intentionally preventing or obstructing a person who he knows is a peace officer from effecting an arrest by using force against the peace officer or another. TEX. PENAL CODE ANN. § 38.03 (West 2011). A person commits the offense of assault on a public servant if he intentionally, knowingly, or recklessly causes bodily injury to a person the actor knows is a public servant while that public servant is discharging an official duty. *Id.* § 22.01(b)(1); *Clark v. State*, 461 S.W.3d 244, 246 (Tex. App.—Eastland 2015, pet. ref'd). Conviction for resisting arrest requires proof of intent, whereas assault on a public servant only requires proof of recklessness. *Compare* TEX. PENAL CODE ANN. § 38.03 *with id.*

22

§ 22.01(b)(1). Thus, because resisting arrest requires proof of an element that assault on a public servant does not, and the missing element of intent does not appear in the indictment, resisting arrest is not a lesser-included offense of assault on a public servant as it was pleaded in this case. *See Watson*, 306 S.W.3d at 273; *Hall*, 225 S.W.3d at 535.

Rollins's reliance on *Ortega v. State* is misplaced. 171 S.W.3d 895 (Tex. Crim. App. 2005). In *Ortega*, the Court of Criminal Appeals held that according to the statutes alone, resisting arrest was not a lesser-included offense of assault on a public servant because "the offense of resisting arrest required proof of a fact that the offense of assault did not: that the appellant prevented or obstructed a peace officer from effecting an arrest." *Id.* at 900. Rollins notes that when the statutory definition of a crime does not include every element of the alleged lesser-included offense, an instruction may still be justified if the missing elements are alleged as facts in the indictment. *See Watson*, 306 S.W.3d at 273. He reasons that because the indictment in this case alleged that he resisted arrest, resisting arrest was a lesser-included offense as charged in the indictment, if not by statute alone.[1] *Id.* The court in *Ortega*, however, did not hold that resisting arrest was the only missing element. *Ortega*, 171 S.W.3d at 900. Rather, by noting that "*at least* one

---

[1] The indictment charges Rollins with "physically resisting . . . Gregory Parris . . . and that the said Gregory Parris was then and there . . . attempting to detain and or secure and or arrest and or control the said Robert Rollins . . . ."

23

[element]" was missing, the court left open the possibility that the offense of resisting arrest required proof of other elements that assault on a public servant did not. *Id.* (emphasis added). As noted above, resisting arrest requires proof of intent, whereas a mental state of knowledge or recklessness may support a conviction for assault on a public servant. *See Watson*, 306 S.W.3d at 273; *Hall*, 225 S.W.3d at 535. Because Rollins was not entitled to an instruction on the offense of resisting arrest, we hold that Rollins's trial counsel was not ineffective for failing to request a lesser-included offense instruction. *Nailor*, 149 S.W.3d at 134.

**D. Voluntariness Instruction**

Rollins contends that his trial counsel was ineffective because she did not request a jury instruction on voluntariness.

Section 6.01 of the Penal Code provides that a person only commits an offense if he voluntarily engages in conduct, either by an act, omission, or possession. TEX. PENAL CODE ANN. § 6.01. To support a conviction, the State must prove that the defendant committed a criminal act voluntarily, with the required mental state. *See Alford v. State*, 866 S.W.2d 619, 622 (Tex. Crim. App. 1993). The issue of the voluntariness of a person's conduct is independent of the issue of the person's mental state, such as whether he acted intentionally, knowingly, or recklessly. *See Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim.

App. 2014). The concept of voluntariness refers only to a person's physical body movements, which must be a product of one's will, and not of a "nonvolitional impetus." *Id.* (quoting *Rogers*, 105 S.W.3d at 638).

Rollins suggests that because a jury could have believed that he did not cause Parris's injuries voluntarily, his trial counsel should have requested a voluntariness instruction. He notes, for example, that his head might have struck Parris's face accidentally when Parris was throwing him around, and that Parris's knees could have been injured by Parris's efforts to wrestle him to the ground, not Rollins's movements.

If a defendant engages in a voluntary act and has the required mental state, however, his conduct is not rendered involuntary simply because his conduct also includes an involuntary act. *See Cruz v. State*, 838 S.W.2d 682, 686 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd). In the *Cruz* case, our sister court was presented with a similar dilemma of an altercation that resulted in an allegedly involuntarily caused injury. *See Cruz*, 838 S.W.2d at 683–84. Cruz, a prison inmate, became angry when he discovered that prison guards were "shaking down" his cell. *Id.* at 684. Cruz, whose hands were cuffed behind his back, began cursing at the guards. *Id.* He kicked one officer, and a melee ensued. *Id.* When the guards managed to pull the handcuffed Cruz to the ground, he fell on top of another guard. *Id.* Galloway, the guard he fell on, suffered a dislocated shoulder.

*Id.* Cruz was charged with assaulting Galloway. *Id.* at 683. The Fourteenth Court of Appeals held that Cruz committed the required voluntary act by instigating the altercation; the fact that the particular movement that injured Galloway was not voluntary was irrelevant. *Id.* at 686. Similarly, in this case, Rollins started a physical struggle by resisting Parris's efforts to arrest him. Rollins admitted that he did not get out of the car when Parris asked, and that he resisted when Parris attempted to wrestle him to the ground. Thus, even if the individual movements of his body that injured Parris were involuntary as he alleges, Rollins would not be entitled to a voluntariness instruction, and his trial counsel was not ineffective for not requesting one. *See Whatley*, 445 S.W.3d at 166; *Nailor*, 149 S.W.3d at 134; *Cruz*, 838 S.W.2d at 686.

**E. Evidentiary Objection**

Rollins lastly complains that because his trial counsel did not object to the admission of the cocaine and methamphetamine found in and near his car after he was arrested, he received ineffective assistance.

Evidence of extraneous crimes may be admissible if (1) the uncharged act is relevant to a material issue in the case and (2) the probative value of that evidence is not significantly outweighed by its prejudicial effect. *Segundo v. State*, 270 S.W.3d 79, 87 (Tex. Crim. App. 2008). Texas Rule of Evidence 404(b) prohibits the admission of evidence of extraneous crimes to prove the defendant's propensity

26

to commit bad acts. TEX. R. EVID. 404(b). However, such evidence may be admissible for other purposes, such as to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. *Id.* Rebutting a defensive theory is a permissible purpose under Rule 404(b). *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009). Even if evidence of extraneous crimes would be admissible under Rule 404(b), Rule 403 may preclude its admission if its probative value is substantially outweighed by the danger of prejudice. *See* TEX. R. EVID. 403. In undertaking the Rule 403 analysis, a trial court must balance (1) the inherent probative force of the proffered evidence along with (2) the proponent's need for that evidence against (3) the evidence's tendency to suggest decision on an improper basis, (4) its tendency to confuse or distract the jury from the main issues, (5) its tendency to be given undue weight by a jury not equipped to evaluate its probative force, and (6) the likelihood that introducing the evidence will be duplicative of other evidence or waste too much time. *Giglioblanco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006).

Rollins's counsel was not ineffective for failing to object to admission of the drugs because the drugs were admissible to prove motive, and their probative value outweighed their potential for prejudice. *See Segundo*, 270 S.W.3d at 87. According to the State's theory of the case, Rollins resisted arrest to attempt to dispose of the cocaine and methamphetamine later found at the scene. The State

could introduce evidence of the drugs to support this theory, and to rebut Rollins's testimony that he resisted to ensure the safety of his children. *See Williams*, 301 S.W.3d at 687; *Giglioblanco*, 210 S.W.3d at 641–42. Further, the trial court gave a limiting instruction. *See Herrera v. State*, 11 S.W.3d 412, 415–16 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (citing *Hutch v. State*, 922 S.W.2d 166, 172 (Tex. Crim. App. 1996)) ("[A] jury is presumed to follow the instructions set forth in the court's charge."). Any prejudice resulting to Rollins was outweighed by the probative value of motive for resisting, which Rollins contested at trial. *See Giglioblanco*, 210 S.W.3d at 641–42 (balancing prejudice against the evidence's probative value and the other party's need to introduce it). Thus, we conclude that the cocaine and methamphetamine were properly admissible, and that Rollins's trial counsel was not ineffective for failing to object to their admission. *See* TEX. R. EVID. 403, 404(b); *Williams*, 301 S.W.3d at 687; *Segundo*, 270 S.W.3d at 87; *Giglioblanco*, 210 S.W.3d at 641–42; *Nailor*, 149 S.W.3d at 134.

## Conclusion

Finding no reversible error, we affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Justices Jennings, Keyes, and Bland.

Do not publish. *See* TEX. R. APP. P. 47.2(b).